In the Matter of the Final Accounting of OBADIAH N. CUNNINGHAM, Executor of Daniel Cunningham, Deceased.

*Executor — Accounts.*

The executor presented a claim against the estate, for money paid and advanced for divers family expenses, such as rent and other necessaries, and for expenses in taking the testator to the asylum, and for his clothing, nursing and medical attendance, amounting to $371. The surrogate refused to allow the claim, as all of the disbursements were made during the lifetime of the testator; *held*, that the claim should have been allowed.

Appeal from a decree of the surrogate of the city of New York, made on the final settlement of the accounts of the executor.

*F. G. McDonald*, for the executor, appellant.

*Edward F. Brown*, for the respondent.

[*] 13 How. Pr., 23.
[†] The Hiram, 1 Wheaton Rep., 440; 1 Hoff. Ch. Practice, 28, 29.

DAVIS, J.:

The questions raised are chiefly of fact, and grow out of conflict-·ing evidence.   It was not disputed that the executor received from the wife of the testator, some time before his death, a number of government bonds, which he converted into money.   The contro-versy in respect to the bonds, was whether the executor paid the proceeds to his testator in the lifetime of the latter.   The auditor, upon conflicting evidence, has found that he did not, and has charged the executor with $350, the value or proceeds of said bonds, and with interest thereon, amounting in the whole to $497.   The learned surrogate has confirmed the finding of the auditor.   We do not think the finding so palpably against the weight of evidence, that an appellate court would be justified in reversing it.   The executor proved that in the lifetime of the testator, and while the latter was confined in the lunatic asylum on Blackwell's Island, he paid and advanced for divers family expenses, such as rent and other necessaries, and for expenses in taking the testator to the asylum, and for his clothing, nursing and medical attendance, sums amount-ing to $371, the account for which he presented as a claim against the estate, upon and as part of his accounting.   The auditor rejected this claim on the ground, as stated in his findings of fact, " that the executor did not disburse the various sums as charged in schedule D of his account, and amounting to $371, being the whole amount included in schedule D, as executor, on account of the estate of the deceased," from which finding he finds as a conclusion of law, " that no part of schedule D should be allowed to the execu-tor, as all of the disbursements, as therein charged, were made dur-ing the lifetime of the deceased."

Of course, this account should not be allowed as disbursements made by the executor.   The account did not purport to be of that character.   Schedule D recites distinctly, that the claim is for sums of money advanced while the testator was insane, with the consent and at the request of his wife, for his and her support and comfort, such sum being actually necessary for their maintenance.   No good reason exists to prevent the executor from bringing in and establishing this account, and being allowed the same as an offset against the indebtedness of himself to the estate.   The auditor found him to be indebted to the estate, for the proceeds of the bonds above mentioned

and interest, to the amount of $497. He also found, substantially, that an indebtedness from his testator existed in his favor, for moneys advanced and paid out in the lifetime of the latter, in the sum of $371. Both of these were debts existing before the testator's death, and, assuming that to be the case, there was no reason why the one should not have been allowed to apply against the other, as justice and equity seem to require, so that the actual indebtedness, for which the testator should be charged, would be, in respect to the proceeds of the bonds, the difference between the two amounts. Of course, it would come to the same thing, if, after ascertaining the balance due on the accounting, the surrogate had allowed, as a payment to the executor, the sum due him on his account, set forth in schedule D. Neither of these things was done; and, as it is, the executor, who under the decree is bound to pay out and invest the whole balance found against him, according to certain specific directions, is subjected to the loss of his entire claim against the estate. We think it proper that the error should be corrected by a modification of the decree, so as to allow the sum of $371, upon which no claim for interest was made by the executor, to apply upon, and be deducted from the sum which the executor is directed to invest, after paying expenses of the accounting.

The decree should be modified, and affirmed as modified, without costs of this appeal to either party.

Daniels and Lawrence, JJ., concurred.

Ordered accordingly.